**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

**THE BOARD OF EDUCATION OF VALDOSTA CITY, GEORGIA, *et al.*,**

      Defendants.

Civil Action No. 7:70-CV-861 (HL)

**ORDER**

The Defendant Board of Education of Valdosta City, Georgia ("Defendant") has moved the Court to dismiss this case and to declare "unitary status."[1] The Government has informed the Court that it does not oppose the motion, that it has determined that the Defendant has fully complied with the remaining orders for desegregation in this case, and that it has concluded that the Defendant has "eliminated the vestiges of the former dual system of schools to the extent

---

[1] As the Eleventh Circuit has noted, "[t]he usefulness of the terms 'unitary' and 'unitary status' has been called into question," not least of all because of the variety of contradictory ways in which courts have employed the terms. Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1339-40 (11th Cir. 2005). Nevertheless, "the concept of a 'unitary' school system has evolved in federal jurisprudence" as a guide to district courts in determining when to end judicial oversight and return control of school systems to local authorities. Manning v. Sch. Bd. of Hillsborough Cnty., Fla., 244 F.3d 927, 941-42 (11th Cir. 2001) *cert. denied*, 534 U.S. 824, 122 S.Ct. 61, 151 L.Ed.2d 28 (2001). "In evaluating whether a school system is 'unitary,' a district court must carefully assess the facts and utilize its sound discretion to determine (1) whether local authorities have eliminated the vestiges of past discrimination to the extent practicable, and (2) whether local authorities have in good faith fully and satisfactorily complied with, and shown a commitment to, the desegregation plan." Id. at 942.

practicable." (Response to Defendants' Motion for Declaration of Complete Unitary Status and Motion to Dismiss, Doc. 26, p. 1). On June 30, 2014, the Court held a hearing on the motion. Although not required to do so, the Court ordered the time and date of the hearing, as well as notice of the hearing, to be advertised in the Valdosta newspaper, and the public was invited to attend the hearing and make appropriate comments.

At the hearing, the parties were represented by counsel, and several members of the public were present. The parties made brief arguments and presented no evidence. One non-party concerned citizen, Mr. Mark Patrick George, addressed the Court but presented no evidence.

Mr. George, a sociologist who teaches at Valdosta State University and who is deeply interested in community affairs and race relations, was critical of what he saw as the Defendant's failure to adopt a meaningful personnel policy designed to produce a truly diversified faculty in the Valdosta City School system. Mr. George also deplored community and cultural attitudes in Valdosta, fairly described as public apathy, which made it impossible to organize an effective community movement to resolve the problems he sees remaining in the school system.

Mr. George contended that the inaction of the Defendant in the area of personnel policy amounted to a violation of the orders entered by the Court in

this case in 2008 and 2012.[2] (*See* Doc. 3, 18). However, Mr. George's argument was not supported by any evidence, and, at the end of the day, he conceded that there is little or nothing that any court could do to correct the problems which are of concern to him.

The Court is sympathetic to Mr. George's arguments, particularly as they relate to public apathy and the inclination of many local boards of education to evince more interest in high school sports than productive personnel policies. However, in the end, these arguments are insufficient to deny unitary status to the Defendant, particularly when the Civil Rights Division of the Department of Justice agrees that the objects of the litigation have been achieved.

It is therefore ordered that the motion to dismiss should be, and is hereby, granted. It is further ordered that the Defendant be granted unitary status. The Defendant has fully complied in good faith with the orders of this Court and has effectively eliminated to the extent practicable all vestiges of past discrimination. This case is dismissed.

**SO ORDERED**, this the 24th day of July, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**


scr

---

[2] Mr. George actually referred to events in 2010, but the Court is persuaded that he wished to draw its attention to the 2008 and 2012 orders.